# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JEFFERSON IRON & METAL BROKERAGE, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) | Case No.: 2:19-cv-00595-JHE |
| BTU SOLUTIONS GROUP, LLC, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION[1]

Plaintiff Jefferson Iron & Metal Brokerage, Inc. ("Jefferson Iron") filed this action against Defendants BTU Solutions DE and BTU Solutions Group, LLP (collectively, "Defendants") on October 19, 2018.[2] (*See* doc. 1). At the undersigned's direction, the Clerk of Court has entered default against Defendants, as they are unrepresented corporations who have not participated in this litigation since their former counsel withdrew. (*See* docs. 19, 20, 21, 22 & 23). Jefferson Iron has now moved for a default judgment against Defendants. (Doc. 24). Although Defendants had an opportunity to respond to that motion, (*see* doc. 25), they have not done so. For the reasons stated below, Jefferson Iron's motion is **GRANTED**.[3]

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 11).

[2] The case was originally filed in the Circuit Court of Jefferson County, Alabama, but was removed to this court on April 18, 2019. (*See* doc. 1).

[3] Jefferson Iron's previously-filed motion for summary judgment, (doc. 14), is **DENIED AS MOOT**.

### I. Legal Standard

"Conceptually . . . a motion for default judgment is like a reverse motion to dismiss for failure to state a claim." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). Consequently, the court looks to whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

### II. Discussion

#### A. Entitlement to Default Judgment

Jefferson Iron's complaint raises two claims: Count I, for breach of contract, and Count II, for unjust enrichment. (*See* doc. 1 at 10-13).

As to the first count, under Alabama law, "[t]he elements of a breach-of-contract claim . . . are (1) a valid contract binding the parties; (2) the plaintiff['s] performance under the contract; (3) the defendant[s'] nonperformance; and (4) resulting damages." *Reynolds Metals Co. v. Hill*, 825 So. 2d 100, 105 (Ala. 2002). The complaint sets out that "Defendants, on or about

---

[4] The Clerk's entry of default under Federal Rule of Civil Procedure 55(a) means that the "defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir.1975)) (internal quotation marks and alterations omitted). However, the defendant is not considered to admit facts that are not well-pleaded and legal conclusions, and the court has an obligation to determine whether the admitted facts "actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought" before entering a default judgment for damages. *Id.* at 863.

August 10, 2012, executed and delivered a Promissory Note to [Jefferson Iron]" under which they "were to pay [Jefferson Iron] the sum of One Million and NO/100 Dollars ($1,000,000.00) with 7% interest per annum, payable within 90 days after written demand of [Jefferson Iron]."[5]  (Doc. 1 at 11 (¶¶ 6, 12), 15-21).  Jefferson Iron performed its part of the bargain and loaned Defendants $1,000,000.00.  (*Id.* at 12 (¶ 13)).  In December 2012, the parties agreed to an alteration in the terms of the contract whereby repayment would begin on April 1, 2013.  (*Id.* at 11 (¶ 7).  However, Defendants failed to begin repayment as agreed.  (*Id.* at 11-12 (¶¶ 7, 14)).  Jefferson Iron demanded $753,405.94 from Defendants on May 15, 2018, but Defendants had not paid this amount.  (*Id.* at 11 (¶ 9).  These facts, admitted by Defendants through their default, are sufficient to state a claim against Defendants, and thus that Jefferson Iron is entitled to a default judgment against them.

Turning to Jefferson Iron's unjust enrichment count, "the existence of an express contract extinguishes an unjust enrichment claim altogether because unjust enrichment is an equitable remedy which issues only where there is no adequate remedy at law."  *Univalor Trust, S.A. v. Columbia Petroleum, LLC*, 315 F.R.D. 374, 382 (S.D. Ala. 2016).  Jefferson concedes it may not recover on its unjust enrichment claim if it is granted default judgment on the breach of contract claim.  (Doc. 24 at 5 n.1).  Therefore, this count is due to be dismissed, and default judgment granted on the breach of contract claim only.

**B. Damages**

Since Jefferson Iron is entitled to default judgment on its breach of contract claim, the only remaining question is its damages.  "A court has an obligation to assure that there is a legitimate

---

[5] Per the terms of the promissory note, BTU Solutions DE, LLC is the borrower, while BTU Solutions, LLC is a guarantor of the note.  (Doc. 1 at 15-21).

basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). Consequently, the court must conduct an evidentiary hearing on damages unless the prevailing party's claim is for "a sum certain or a sum that can be made certain by computation." FED. R. CIV. P. 55(b)(1). *See also S.E.C. v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005).

Here, Jefferson Iron has submitted an affidavit from its Secretary and Chairman attesting to an outstanding balance on the loan of $753,405.94, excluding post-default interest and attorney fees. (Doc. 24-1 at 3). The promissory note provides that in the case of default, the interest rate applicable is the lesser of 10% or "the maximum allowable by law." (Doc. 24-1 at 6). Alabama law sets the "maximum rate of interest upon the loan . . . of money" at 6%. ALA. CODE § 8-8-1. Per the parties' alteration to the repayment terms, Defendants were in default when they failed to start repayment on April 1, 2013. (Doc. 24-1 at 2, 23-25). Calculating interest from April 2, 2013 to the date the motion for default judgment was filed yields a total of $1,132,843.98.[6] The undersigned finds this total is a sum certain such that an evidentiary hearing is not required, and that it is the correct award of damages for Defendants' breach of contract.

### C. Attorney Fees and Costs

Jefferson Iron also seeks attorney fees and costs. (Doc. 24 at 7-8). Under Alabama law, "attorneys' fees are recoverable . . . when provided in a contract . . . ." *Eagerton v. Williams*, 433 So. 2d 436, 450 (Ala. 1983). The note specifically provides that "in the event that this Note is placed in the hands of an attorney-at-law following a default hereunder to enforce or interpret any of the rights or requirements contained herein, Borrower and each endorser or guarantor agrees to

---

[6] As required by the court, Jefferson Iron has set out its interest calculation in a supplement to its motion for default judgment. (*See* doc. 27).

pay all costs of collecting or attempting to collect this Note, or protecting, interpreting, or enforcing such rights, including, without limitation, attorneys' fees (whether or not suit is brought), in addition to all principal, interest and other amounts payable hereunder." (Doc. 24-1 at 8). Accordingly, Jefferson Iron is entitled to attorney fees.

To support its request for $14,091.00 in attorney fees and $389.90 in costs, Jefferson Iron has attached the affidavit of its attorney William Thompson. (Doc. 24-2). That affidavit lists the amounts of partner time and associate time expended on the case. (*Id.*). As ordered, (*see* doc. 28), Jefferson Iron has since supplemented its motion with (under seal) a more detailed breakdown of that time, including what task was performed, which attorney performed the task, how much time the task required, and the requested hourly rate for the task. (Doc. 29-1). The undersigned has reviewed that supplement and finds the attorney fees and costs to be reasonable. Accordingly, Jefferson Iron will be awarded $14,091.00 in attorney fees and $389.90 in costs.

### III. Conclusion

As stated above, Jefferson Iron is entitled to a default judgment against Defendants BTU Solutions DE and BTU Solutions Group, LLP, on its breach of contract claim. Specifically, Jefferson Iron is entitled to $1,132,843.98 in damages, $14,091.00 in attorney fees, and $389.90 in costs, for a total award of $1,147,324.88. Jefferson Iron's unjust enrichment claim is **DISMISSED**. A final judgment will be entered separately.

DONE this 2nd day of March, 2021.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE